1

2

3        * * * NOT FOR PUBLICATION[1] * * *
              POST ON COURT'S WEBSITE

4

5           UNITED STATES BANKRUPTCY COURT
            WESTERN DISTRICT OF WASHINGTON

6

7   In re:

8   ROBERT LEE HAYES,                    No.  09-42990

9           Debtor.

10

11  ALLAN KANOUFF; and
    RAEANN NELSON,                       Adversary No.  09-4123

12
            Plaintiffs,

13                                       ORDER ON MOTIONS and
                                         GRANTING SUMMARY JUDGMENT TO
14  vs.                                  PLAINTIFFS

    ROBERT LEE HAYES,
15
            Defendant.
16

17

18      1.  **Service Objection**:

19      Having considered the documents filed in response to the Procedural

20  Order (Docket No. 40):  Defendant's service objection (docket no. 44) is

21  **OVERRULED.**  LBR[2] 5005-1(c)(2).

22

23      [1]     **THIS ORDER IS NOT APPROVED FOR PUBLICATION AND MAY NOT BE
    CITED EXCEPT WHEN RELEVANT UNDER THE DOCTRINE OF LAW OF THE CASE OR OF
24  PRECLUSION.**

25      [2]     Absent contrary indication, all "Code," chapter and section
    references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 as
26  amended by the Bankruptcy Abuse Prevention and Consumer Protection Act

27  (09-4123 - Kanouff and Nelson vs. Hayes)
    ORDER ON MOTIONS AND GRANTING
28  SUMMARY JUDGMENT TO PLAINTIFFS - 1 of 8

## 2. __Request for Judicial Notice__:

The request for judicial notice of the state court orders identified in the procedural order is **GRANTED**: Defendant's objection and amended objection (docket nos. 41 and 42) simply ignore the fact that, as noted in the Procedural Order . . . the state court orders are self-authenticating as public documents under seal and as certified copies of public records, FRE 902(1) and (4). As noted in the Procedural Order, counsel for Plaintiffs brought the original certified copies, with seals, to court, Defendant had the opportunity there and then to view them, and the copies attached to the Procedural Order . . . were made from those certified copies.

Defendant's argument that the various state court judges made oral rulings which are not reflected in those orders is misplaced: for the purposes of the request for judicial notice, the adjudicated facts of which I am taking judicial notice are the entry of those orders by the pertinent state courts. In re Bestway Products, Inc., 151 B.R. 530, 539-40 (Bankr. E.D. Cal. 1993). While those orders may or may not have implications respecting the merits of the adversary proceeding, or the summary judgment motion, those possibilities are not relevant to the taking of judicial notice. Nor is the correctness or propriety of the state courts' entries of the orders a criterion for taking judicial notice of them.

of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23. "RCW" references are to the Revised Code of Washington.

"Rule" references are to the Federal Rules of Bankruptcy Procedure, and "LBR" to the Local Bankruptcy Rules of this district. "FRE" references are to the Federal Rules of Evidence.

(09-4123 - Kanouff and Nelson vs. Hayes)
ORDER ON MOTIONS AND GRANTING
SUMMARY JUDGMENT TO PLAINTIFFS - 2 of 8

Moreover, a court's written findings control over any apparent inconsistency with an earlier oral ruling. <u>Hong v. United States</u>, 363 F.2d 116, 120 (9th Cir. 1966); <u>Shellenbarger v. Brigman</u>, 101 Wash. App. 339, 346 (2000). The case cited by Defendant for the contrary proposition, <u>United States v. Fifield</u>, 432 F.3d 1056, 1059 (9th Cir. 2005), involved sentencing in a criminal case. The rule that the oral pronouncement of a sentence controls over a written judgment is predicated on a criminal defendant's constitutional right to be present and speak at his own sentencing, <u>see</u> <u>United States v. Bergmann</u>, 836 F.2d 1220, 1222 (9th Cir. 1988), a circumstance not present here.

In any event, it is simply not subject to reasonable dispute that the state courts entered the orders in question: those facts are capable of accurate and ready determination, and the source of the certified copies cannot be reasonably questioned.

**3.** **<u>Dispositive Motions</u>:**

A. <u>Defendant's motion for judgment on the pleadings (Docket No. 13)</u>:

Defendant moves for dismissal of the complaint, citing FRCP 12(c) and (d), on the basis that plaintiffs have failed to state sufficient facts on which relief may be granted. However, Defendant's pleadings fail to cite or address relevant authority, and the complaint, when considered together with its attachments, meets the standards set forth in <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009); <u>see also</u> <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 967-69 (9th Cir. 2009).

The motion for judgment on the pleadings is **DENIED**.

1    B.   <u>Plaintiffs' motion for summary judgment (Docket No. 7)</u>:

2    i.   <u>523(a)(6) Elements</u>:

3    Section 523(a)(6) of the Bankruptcy Code provides that an
     individual debtor may not discharge a debt "for willful and
4    malicious injury by the debtor to another entity or to the
     property of another entity." (emphasis added). The malicious
5    injury requirement is separate from the willful injury
     requirement. <u>Carrillo v. Su (In re Su)</u>, 290 F.3d 1140, 1146-47
6    (9th Cir.2002) (conflating the two requirements is grounds for
     reversal); <u>see also Jett v. Sicroff (In re Sicroff)</u>, 401 F.3d
7    1101, 1105 (9th Cir.2005) ("We analyze the willful and
     malicious prongs of the dischargeability test separately.").
8    A "willful" injury is a "deliberate or intentional injury, not
     merely a deliberate or intentional act that leads to injury."
9    <u>Kawaauhau v. Geiger</u>, 523 U.S. 57, 61, 118 S.Ct. 974, 140
     L.Ed.2d 90 (1998) (emphasis in original). "A 'malicious'
10   injury involves' (1) a wrongful act, (2) done intentionally,
     (3) which necessarily causes injury, and (4) is done without
11   just cause or excuse.' " <u>In re Su</u>, 290 F.3d at 1146-47
     (quoting <u>Petralia v. Jercich (In re Jercich)</u>, 238 F.3d 1202,
12   1209 (9th Cir.2001)).

13   <u>In re Barboza</u>, 545 F.3d 702 , 706 (9th Cir. 2008).

14

15   ii.   <u>Preclusion</u>?

16       This court must give the state court orders the same preclusive

17   effect as a Washington court would.   <u>See</u> 28 U.S.C. § 1738, the Full

18   Faith and Credit statute, and <u>In re Nourbakhsh</u>, 67 F.3D 798, 801 (9th

19   Cir. 1995).

20       Collateral estoppel (issue preclusion) in Washington courts

21   requires: "(1) identical issues; (2) a final judgment on the merits; (3)

22   the party against whom the plea is asserted must have been a party to or

23   in privity with a party to the prior adjudication; and (4) application

24   of the doctrine must not work an injustice on the party against whom the

25   doctrine is to be applied."   <u>Hadley v. Maxwell</u>, 144 Wash. 2d 306, 311,

26   27 P.3d 600, 602 (2001) (internal quotation omitted).

27   (09-4123 – Kanouff and Nelson vs. Hayes)
     ORDER ON MOTIONS AND GRANTING
28   SUMMARY JUDGMENT TO PLAINTIFFS - 4 of 8

iii. <u>Analysis</u>:

Sanctions imposed for filing frivolous legal claims in state court may be nondischargeable under § 523(a)(6), if the requirements of issue preclusion are met. <u>In re Zelis</u>, 66 F.3d 205, 208 (9th Cir. 1995) (sanctions for frivolous appeal); <u>see also</u> <u>Ball v. A.O. Smith Corp.</u>, 451 F.3d 66 (2d Cir. 2006) (sanctions under 28 U.S.C. § 1927).

Here, the Pierce County District Court awarded costs, attorney's fees, and sanctions pursuant to RCW 4.84.185[3] and the pertinent discovery and pleading rules, and in equity. The District Court found, in relevant part:

> 2. Hayes' claims in this case have been advanced without reasonable cause and with a malicious motive.
> 3. The entire action and claims put forth by Hayes are frivolous.
>
> . . . .
>
> 5. Hayes had multiple improper or ulterior purposes for initiating his claims and defenses in this lawsuit, and for abusing legal process in this lawsuit, including:
> > a) to the Defendants [sic] to respond to the legal proceedings and to appear in court,
> > b) to increase the Defendants['] litigation costs and cause unnecessary delay,
> > c) to extort time, money and resources from the Defendants,
> > d) to intimidated [sic] the Defendants, and
> > e) to annoy and harass the Defendants.

_____

[3]Which provides, in relevant part:

In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense. . . .

. . . .

    8. Hayes has subjected Defendants to his oppressive conduct, bad faith, malicious motives, ulterior purposes, and abuse of the legal process.

Order Granting Defendants' Motion to Dismiss, pages 2-3, attached to Declaration of Allan Kanouff (docket no. 8).

The Pierce County Superior Court affirmed the District Court's findings and conclusions in its order entered 8 July 2008, and awarded additional sanctions "under the same basis as awarded by the District Court." The Washington State Court of Appeals, Division II, affirmed.

The elements of issue preclusion are met here. Both matters involve the same parties, and the identical issues: whether Hayes' conduct was willful and malicious. The state court explicitly found that Hayes acted with intent to injure defendants (i.e., by causing them to incur fees, and to annoy and harass them), and that he acted maliciously. The state court orders are final, and Hayes articulates no basis for finding that application of the doctrine would work an injustice – he just disagrees with the results.

The motion for summary judgment is **GRANTED**.


    iv.  <u>Extent</u>:

In <u>Cohen v. de la Cruz</u>, 523 U.S. 213 (1998) the Supreme Court construed "debt" in the 11 U.S.C. § 523(a)(2)(A) subsections excepting from discharge "debt. . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud" to mean the entire debt arising from the specified conduct. Subsection

(09-4123 – Kanouff and Nelson vs. Hayes)
ORDER ON MOTIONS AND GRANTING
SUMMARY JUDGMENT TO PLAINTIFFS - 6 of 8

523(a)(6)is so constructed; it follows, as Hayes's entire liability at state law is predicated on willful and malicious conduct, all of the sanctions and attorney fees are nondischargeable. In re Roussos, 251 B.R. 86, 95 (9th Cir. BAP 2000), aff'd, 33 Fed. Appx. 365, 2002 WL 726489 (9th Cir. 2002). This is true even with respect to the additional fees and costs imposed as sanctions by the Superior Court and the Court of Appeals. Although neither court's award contains findings of willful and malicious conduct, both explicitly affirmed the District Court's findings. Thus those amounts are included as part of the total debt arising from that conduct.

### 4. **Conclusion:**

Accordingly, I will enter judgment for plaintiffs, holding the sanctions awarded by the state courts nondischargeable under § 523(a)(6), which plaintiffs shall note for presentation on my 10 February 2010 calendar.

*/// – **END OF ORDER** – ///*

Philip H. Brandt
United States Bankruptcy Judge
(Dated as of "Entered on Docket" date above)

(09-4123 – Kanouff and Nelson vs. Hayes)
ORDER ON MOTIONS AND GRANTING
SUMMARY JUDGMENT TO PLAINTIFFS – 7 of 8

```
 1   CERTIFICATE OF SERVICE:
     I CERTIFY I SERVED COPIES OF
 2   THE FOREGOING (VIA U.S. MAIL,
     FACSIMILE, OR ELECTRONICALLY) ON:
 3
 4    Joseph W. McIntosh                    Robert Lee Hayes
      Email: josephm@schweetlaw.com        POB 44379
 5    (Allan Kanouff; RaeAnn Nelson)       Tacoma, WA 98448

 6    Laurin S. Schweet
      Email: laurins@schweetlaw.com
 7    (Allan Kanouff; RaeAnn Nelson)

 8   DATE:  January 26, 2010

 9   BY:  /s/ Juanita C.Kandi

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   (09-4123 - Kanouff and Nelson vs. Hayes)
     ORDER ON MOTIONS AND GRANTING
28   SUMMARY JUDGMENT TO PLAINTIFFS - 8 of 8
```